

DMYTRO E. VEROVKIN, Pro Se
39821 Cedar Blvd., Unit 313
Newark, CA 94560
Telephone: 510-493-2441
Email: rcmonks@gmail.com

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

**CW**

Dmytro VEROVKIN,

      Plaintiff,

      vs.

David N. STILL, District Director, United
States Citizenship & Immigration Services,

      Defendant

Case No.: **C 07 3987**

COMPLAINT FOR DECLARATORY
RELIEF



IMMIGRATION CASE

## COMPLAINT FOR DECLARATORY RELIEF

### I. INTRODUCTION

This action is brought by Plaintiff seeking an order declaring that he is eligible for registration as a Legal Permanent Resident under the Immigration and Nationality Act since he relocated to the United States as a "K-2" visa beneficiary together with his mother, a *K-1" beneficiary, who married her U.S. citizen fiancé within 90 days of entry and whose application to Register her Permanent Residence was approved by the Defendant. Defendant however, denied Plaintiff's application contending that all processing of a "K-2" beneficiary must be completed before his 21st birthday. Plaintiff contends the Immigration and Nationality Act requires only that he be under the age of 21 upon his entry and is entitled to Permanent Residence upon the same basis as his "K-1" beneficiary mother provided marriage of his mother to the U.S. Citizen

petitioner occurs within 90 days of entry.   An actual controversy therefore has arisen between Plaintiff and Defendant.

## II. PARTIES

1.  Plaintiff, Dmytro Verovkin, is an applicant for registration of permanent residence and resides in Alameda County.  His alien registration number is A96 630 323.

2.  Defendant David N. Still is sued in his official capacity as the Director of the San Francisco office of the United States Citizenship and Immigration Services, an agency within the Department of Homeland Security, which is charged by law with the duty of processing and adjudicating I-485 applications to "Register Permanent Residence or Adjust Status" under the Immigration and Nationality Act.

## III. JURISDICTION

3.  This is a civil action brought pursuant to 28 USC §§1331,  2201 and 2202 to redress the deprivation of rights, privileges and immunities secured to Plaintiff, by which jurisdiction is conferred and authorizing declaratory judgment.  Jurisdiction is also conferred by 5 USC §704.

4.  Costs and attorneys fees will be sought pursuant to the Equal Access to Justice Act, USC §504, and 28 USC §2412(d), *et seq.*

## IV. VENUE

5.  Venue is proper in San Francisco, California and the Northern District of California since Plaintiff resides in Northern California.

## V.  CAUSE OF ACTION

6.  Dmytro Verovkin is a native and citizen of Ukraine who now lives in Newark, California with his natural mother Iryna Monks and her husband Ronald Monks.  Dmytro was

born October 16, 1984.   Dmytro was raised in Ukraine under poor economic conditions by his mother and her parents (now deceased) since the age of 2 as his parents were divorced in 1987.

7. Ronald Monks is a native of California and a citizen of the United States. He currently resides in Newark, California.   In 2002, while traveling in Eastern Europe, Mr. Monks met Plaintiff's mother and in 2003 they became engaged.

8. On March 31, 2004, in response to an approved I-129F petition filed by Mr. Monks, the United States Consulate in Kyiv, Ukraine issued a K-1 fiancé(e) visa to Dmytro's mother pursuant to INA §101(a)(15)(K)(i) [8 USC §1101(a)(15)(K)(i)] and a K-2 visa to him as her child pursuant to §101(a)(15)(K)(iii) [8 USC §1101(a)(15)(K)(iii)].  Visas were issued after multiple criminal background checks were completed, medical examinations performed by State Department approved physicians and an intensive interview by a consular official.

9. In April, 2004, 19-year-old Dmytro withdrew from his studies at the Gorniy Institute of Jurisprudence in Dnipropetrovsk, Ukraine and, after bidding friends farewell, traveled with his mother to the United States.  They were both inspected and admitted by U.S. immigration officials at the Phoenix, Arizona Port of Entry on April 25, 2004.

10. On June 4, 2004, Ronald and Iryna were married by a judge of the Superior Court of Maricopa County, Arizona.

11. On September 14, 2005, Iryna and Dmytro filed concurrent I-485 Applications to Register Permanent Residence or Adjust Status.  Each checked box "c" under Part 2 of the application which is labeled: "□  *I entered as a K-1 fiancé(e) of a United States Citizen whom I married within 90 days of entry, or I am the K-2 child of such a fiancé(e). (Attach a copy of the fiancé(e) petition approval notice and a copy of the marriage certificate)."*

12. The printed instruction form accompanying the I-485, under the heading "Who May File?" reads, "*If you were admitted as the K-2 child of such a fiancé(e), you may apply to adjust status based on your parent's adjustment application.*"

13. On April 19, 2006, Dmytro, Iryna and Ronald attended a scheduled interview in the offices of Defendant Still at the conclusion of which the interviewing officer stated while she could approve his mother's application, she could not approve Dmytro's I-485 application

because he had passed his 21st birthday, notwithstanding the fact that his application was filed <u>before</u> his 21st birthday.

14. On April 27, 2006, Dmytro received a letter from Defendant Still officially denying his I-485 Petition and instructing him to leave the United States. Defendant Still cited INA §203(d) as basis for the denial and gave no other plausible legal basis for his contention that Dmytro must remain under 21 years of age until his Permanent Resident Card is issued.

15. On May 22, 2006, Dmytro paid a fee of $385.00 and filed a timely Motion to Re-consider. Motion was denied by Defendant on September 13, 2006.

16. On December 24, 2006, Dmytro's mother received her unconditional Permanent Resident Card. Her Permanent Resident status was not subject to the conditional provisions of §216 because more than two years had passed since the date of marriage.

17. Plaintiff has no further administrative remedies available. He is blocked from taking any steps to regularize his status without a declaration of this court affirming his statutory right to apply for Permanent Residence as a K-2 visa holder.

## VI. Prayer

18. WHEREFORE, Plaintiff respectfully prays for the following relief:

    A. That this court enter an order requiring the defendants to re-open and properly adjudicate his Legal Resident status concomitant with that granted his mother and consistent with U.S. immigration policy and law, and

    B. That this court grant any and other such relief it may deem just and proper, including court costs and reasonable attorney's fees.

Dated this 2nd day of August, 2007

DMYTRO E. VEROVKIN,
Pro Se

U.S. Department of Homeland Security
630 Sansome Street
San Francisco, CA 94111

 U.S. Citizenship
and Immigration
Services

Date: APR 2 5 2006

Dmitry Verevkin
39821 Cedar Blvd. #313
Newark CA  94560

Refer to This File No.:  A 96 630 323

Upon consideration, it is ordered that your application for status as a lawful permanent resident be denied for the following reasons:

SEE ATTACHMENT

If you fail to depart from the United States, proceedings will be instituted to enforce your departure.  You may renew your application for status as a permanent resident during such proceedings.

Sincerely,

David N. Still
District Director

Form I-291(Rev.4/1/97)N                                        www.uscis.gov

JERQUKIN V. STILL — ATTACHMENT

**U.S. Department of Homeland Security**
San Francisco, CA 94111

A96 630 323
Page 2

You are a 21 year-old son of the principal alien, who last entered the United States on April 25, 2004, as the child of a beneficiary of a fiancée petition. On September 14, 2005, you filed a Form I-485, application for adjustment of status to that of a lawful permanent resident under section 245 of the Immigration and Nationality Act, as amended, accompanying the principal beneficiary, your mother, Iryna Verovkina

Section 245 of the Act provides in pertinent part:

> (a) The status of an alien who was inspected and admitted or paroled into the United States may be adjusted by the Attorney General, in his <u>discretion</u> [Underline supplied] and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence...

A review of the record reveals that you were born on October 16, 1984. Because you are now over twenty-one years of age, you no longer qualify as an accompanying child pursuant to section 203(d) of the Act. Consequently, the application must be denied for lack of a visa number.

In addition, the employment authorization previously issued to you is revoked within 15 days of the date of this notice in accordance with 8 CFR 274a.14(b)(2) unless evidence is provided as to why the employment authorization should not be revoke

**YOU SHOULD DEPART THE UNITED STATES IMMEDIATELY.** If you do not depart immediately, you may be placed into removal proceedings.

*CSPA does not apply to nonimmigrant petitions. It does apply only to I130/I140 I360 immigrant petitions. Waldo (Ceurd) STO May 1, 2006*

ATTACHMENT TO FORM I-291