SCOTT N. SCHOOLS (SC 9990)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
MELANIE L. PROCTOR (CSBN 228971)
Melanie.Proctor@usdoj.gov
Assistant United States Attorney

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102-3495
   Telephone: (415) 436-6730
   FAX: (415) 436-6927

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DMYTRO VEROVKIN, ) | No. C 07-3987 CW |
| ) | |
|     Plaintiff, ) | NOTICE OF MOTION AND MOTION |
| ) | FOR SUMMARY JUDGMENT |
|   v. ) | |
| ) | Date: November 8, 2007 |
| DAVID N. STILL, District Director, United ) | Time: 2:00 p.m. |
| States Citizenship and Immigration ) | Court: 2 |
| Services, ) | |
| ) | |
|     Defendant. ) | |
| _____) | |

    PLEASE TAKE NOTICE THAT on November 8, 2007, at 2:00 p.m., before the Honorable Claudia Wilken, Courtroom No. 2, 1301 Clay Street, Oakland, California 94612, Defendant David N. Still, by his attorneys, Scott N. Schools, United States Attorney for the Northern District of California, and Melanie L. Proctor, Assistant United States Attorney, will move this Court for an order granting summary judgment to Defendants on Plaintiffs' Complaint for Declaratory Relief pursuant to Federal Rule of Civil Procedure 56.

///

///

///

///

NOTICE OF MOTION
No. C 07-3987 CW

1  Defendant's Motion is based on this notice, the points and authorities in support of this motion, the attached exhibit, the pleadings on file in this matter, and on such oral argument as the Court may permit.

Dated: October 1, 2007

Respectfully submitted,

SCOTT N. SCHOOLS
United States Attorney

_____/s/_____
MELANIE L. PROCTOR
Assistant United States Attorney
Attorney for Defendants

NOTICE OF MOTION
No. C 07-3987 CW                               2

SCOTT N. SCHOOLS (SC 9990)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
MELANIE L. PROCTR (CSBN 228971)
Melanie.Proctor@usdoj.gov
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-6730
FAX: (415) 436-6927

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DMYTRO VEROVKIN,<br><br>    Plaintiff,<br><br>v.<br><br>DAVID N. STILL, District Director, United States Citizenship and Immigration Services,<br><br>    Defendant. | No. C 07-3987 CW<br><br>DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>Date:  November 8, 2007<br>Time:  2:00 p.m.<br>Court:  2 |

## I. INTRODUCTION

Plaintiff Dmytro Verovkin ("Plaintiff") asks the Court to require Defendant to reopen and adjudicate his application for adjustment of status, arguing that because he was under the age of twenty-one at the time of his entry, he is eligible for permanent resident status. Contrary to Plaintiff's contentions, there is no provision of law that allows Plaintiff to adjust his status. Accordingly, Defendant is entitled to summary judgment as a matter of law.

## II. FACTS

Plaintiff entered the United States on April 25, 2004, on a K-2 visa. Complaint, p. 3 ¶¶ 8, 9. On June 4, 2004, Plaintiff's mother married Ronald Monks, a United States citizen. Id., ¶10. On July 23, 2004, Plaintiff's visa expired. Exh. A. Plaintiff and his mother applied to adjust their status

1  to lawful permanent residents on September 14, 2005, over fifteen months after becoming eligible
2  to do so. Complaint, p. 3 ¶ 11. On October 16, 2005, Plaintiff turned twenty-one years of age. Id.,
3  pp. 2-3 ¶ 6; Exh. A, Box 10.

### III. GENERAL PRINCIPLES APPLICABLE TO THIS MOTION

#### A. LEGAL STANDARD

Summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). A fact is material if the fact may affect the outcome of the case. See id. at 248. The Ninth Circuit has declared that "[i]n considering a motion for summary judgment, the court may not weigh the evidence or make credibility determinations, and is required to draw all inferences in a light most favorable to the non-moving party." Freeman v. Arpaio, 125 F.3d 732, 735 (9th Cir. 1997). A principal purpose of the summary judgment procedure is to identify and dispose of factually unsupported claims. See Celotex Corp. v. Cattrett, 477 U.S. 317, 323-24 (1986).

#### B. ADJUSTMENT OF STATUS

An alien who is the fiancee of a United States citizen and who seeks to enter the United States solely to conclude a valid marriage with the petitioner within ninety days of her entry may receive a nonimmigrant visa. 8 U.S.C. § 1101(a)(15)(K)(i). Once the marriage is contracted within the statutory time period, the "K-1" beneficiary and her minor children may apply for adjustment of status. 8 C.F.R. § 214.2(k)(6)(ii). The applications may be filed as soon as the marriage is contracted. Id. Section 245 of the Immigration and Nationality Act, codified at 8 U.S.C. § 1255, authorizes the Secretary of the Department of Homeland Security ("Secretary")[1] to adjust the status

---

[1] On March 1, 2003, the Department of Homeland Security and its United States Citizenship and Immigration Services assumed responsibility for the adjustment program. 6 U.S.C. § 271(b). Accordingly, the discretion formerly vested in the Attorney General is now vested in the Secretary of Homeland Security. 6 U.S.C. § 551(d).

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
C07-3987 CW                                                                 2

1  certain aliens who have been admitted into the United States. The subsection applicable to the case
2  at hand provides:

> **Alien admitted for permanent residence on conditional basis; fiancee or fiancé of citizen** . . . The [Secretary] may not adjust, under subsection (a) of this section, the status of a nonimmigrant alien [with a K visa] except to that of an alien lawfully admitted to the United States on a conditional basis under section 1186a of this title as a result of the marriage of the nonimmigrant (or, in the case of a minor child, the parent) to the citizen . . . .

8 U.S. § 1255(d). The section does not require applicants to have approved immigrant visa petitions. After two years, the conditional resident status may be lifted. 8 U.S.C. § 1186a. A minor alien who seeks to adjust his status on the basis of his parent's marriage to a United States citizen must apply as an alien accompanying or following to join primary applicant for adjustment of status. 8 U.S.C. § 1101(a)(15)(K)(iii); 8 C.F.R. § 214.2(k)(6)(ii).

### IV.    ANALYSIS

#### A.    PLAINTIFF IS INELIGIBLE FOR ADJUSTMENT OF STATUS

Plaintiff asserts that he is entitled to permanent residency in the United States. See Complaint, p. 1. He acknowledges that he reached majority age after filing his I-485 application for adjustment of status, see Complaint, p. 2-3 ¶¶ 6 and 11, but argues that because he was under the age of twenty one at the time of his entry into the United States, his status should be adjusted to that of a lawful permanent resident. Complaint, p. 1.

Contrary to Plaintiff's assertions, he has aged out of eligibility for adjustment of status. In fact, Plaintiff's visa expired on July 23, 2004. See Exh. A. Moreover, his adjustment application was dependent upon that of his mother. Complaint, p. 3 ¶¶ 11-12. Accordingly, his eligibility relied upon his status as a minor. However, at the point Plaintiff's mother adjusted her status, Plaintiff was no longer under the age of twenty-one. Complaint, p. 2-3 ¶¶ 6, 13. Nothing in immigration law "freezes" a K-2 visa applicant's age at the point he enters the United States, or even at the point he applies for permanent residency. Contra Child Status Protection Act, Pub. L. No. 107-208, 116 Stat. 927, §§ 2, 3 (Aug. 6, 2002) ("CSPA"), codified at 8 U.S.C. §§ 1151, 1153. CSPA unambiguously limits its application to immigrant visa petitions filed under 8 U.S.C. § 1154. 8 U.S.C. §§ 1151(f); 1153(h). Here, Petitioner's mother never received an immigrant visa petition because K-1

adjustment applicants do not ever apply for such visas.  8 U.S.C. § 1255(d).

The United States Supreme Court has declared that "[w]here Congress includes particular language in one section of a statute but omits in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." Russello v. United States, 464 U.S. 16, 23 (1983).  The sections applicable to Plaintiff do not include the language preserving his minor status on the date he entered the United States, or even the date he applied for adjustment of status.  8 U.S.C. §§ 1101(a)(15)(K)(iii); 1255(d).  Accordingly, it is clear that Congress has declined to extend "child status" to the children of K-1 immigrants.

Furthermore, even if the Court were persuaded that § 1153(h) applies to Plaintiff's case, it does not operate to preserve his minor status.  The section specifically provides that it operates only if the alien applies for adjustment of status within one year of the availability of an immigrant visa. 8 U.S.C. § 1153(h)(1).  Thus, even if the Court were to decide that by operation of his mother's marriage, a fictional immigrant visa became "available" to Plaintiff on June 4, 2004, Plaintiff still applied for adjustment of status over one year after his mother married Ronald Monks.  See Complaint, p. 3 ¶¶ 10-11.  That fifteen month delay disqualifies Plaintiff from preserving his "minor" status.  8 U.S.C. § 1153(h).

Moreover, Plaintiff does not qualify for adjustment under § 1255(a).  That subsection requires that the applicant be eligible for an immigrant visa at the time the application is adjudicated. 8 U.S.C. § 1255(a).  Here, at the time the application was adjudicated, Plaintiff did not have an immigrant visa available to him. Plaintiff is not exempt from numerical limitations on visa availability, pursuant to 8 U.S.C. § 1151(b), because he is not an immediate relative of a United States citizen.  An immediate relative normally includes the child of a United States citizen; however, in the case of the step-parent/step-child relationship, immigration law recognizes only those relationships formed prior to the putative child's eighteenth birthday.  8 U.S.C. § 1101(b)(1)(B).

Plaintiff is also not eligible for adjustment based on his mother's lawful permanent resident status.  Plaintiff's mother has apparently never filed an immediate relative visa petition on his behalf; even had she done so, there would not have been an immigrant visa immediately available

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
C07-3987 CW                                     4

to him as the unmarried son of a lawful permanent resident. In April 2006, the priority date for such visas was March 1, 2002. U.S. Dep't of State Visa Bulletin, Vol. VIII, No. 92 (Apr. 2006). The current priority date for such visas is November 15, 2002. U.S. Dep't of State Visa Bulletin, Vol. VIII, No. 111 (Oct. 2007). As such, Plaintiff is clearly ineligible for adjustment of status. See, e.g., Jiang v. Still, No. CV-F-06-0369-LJO-NEW, 2007 WL 685700, at *3 (E.D. Cal. Mar. 5, 2007) (granting defendant's motion for summary judgment and finding that K-2 visa applicant was no longer eligible for adjustment of status).

## V.  CONCLUSION

For the foregoing reasons, Defendant respectfully requests the Court to grant his motion for summary judgment.

Dated: October 1, 2007

Respectfully submitted,

SCOTT N. SCHOOLS
United States Attorney

_____/s/_____
MELANIE L. PROCTOR
Assistant. U.S. Attorney
Attorneys for Defendant