SCOTT N. SCHOOLS (SC 9990)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
MELANIE L. PROCTR (CSBN 228971)
Melanie.Proctor@usdoj.gov
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-6730
FAX: (415) 436-6927

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DMYTRO VEROVKIN, | No. C 07-3987 CW |
| Plaintiff, | [PROPOSED] ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| v. | |
| DAVID N. STILL, District Director, United States Citizenship and Immigration Services, | |
| Defendant. | |

## INTRODUCTION

Plaintiff asks the Court to order Defendant to adjust his status to that of a lawful permanent resident. Defendant asks the Court to grant summary judgment in his favor. For the reasons stated below, the Court GRANTS Defendant's Motion.

## ANALYSIS

Plaintiff entered the United States on April 25, 2004, as a K-2 nonimmigrant. Shortly thereafter, his mother married a United States citizen. However, Plaintiff and his mother did not apply to adjust their nonimmigrant status to that of lawful permanent residents until September 14, 2005, fifteen months after the marriage. One month later, Plaintiff reached his twenty-first birthday. As such, by the time Plaintiff's mother adjusted her status, he was no longer

a minor.

Section 245 of the Immigration and Nationality Act, codified at 8 U.S.C. § 1255, authorizes the Secretary of the Department of Homeland Security ("Secretary") to adjust the status certain aliens who have been admitted into the United States. The subsection applicable to the case at hand provides:

> **Alien admitted for permanent residence on conditional basis; fiancee or fiancé of citizen** . . . The [Secretary] may not adjust, under subsection (a) of this section, the status of a nonimmigrant alien [with a K visa] except to that of an alien lawfully admitted to the United States on a conditional basis under section 1186a of this title as a result of the marriage of the nonimmigrant (or, in the case of a minor child, the parent) to the citizen . . . .

8 U.S. § 1255(d). The section does not require applicants to have approved immigrant visa petitions. After two years, the conditional resident status may be lifted. 8 U.S.C. § 1186a. A minor alien who seeks to adjust his status on the basis of his parent's marriage to a United States citizen must apply as an alien accompanying or following to join primary applicant for adjustment of status. 8 U.S.C. § 1101(a)(15)(K)(iii); 8 C.F.R. § 214.2(k)(6)(ii).

Here, because Plaintiff was no longer a minor at the time his mother adjusted her status, he was not eligible for adjustment under 8 U.S.C. § 1255(d). Moreover, he does not appear to have an immigrant visa available to him, as required by 8 U.S.C. § 1255(a). Accordingly, Plaintiff is not entitled to adjustment of status under any provision of immigration law.

## CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is hereby GRANTED. Judgment for Defendant will be entered accordingly. Each of the parties will bear their own costs and fees.

IT IS SO ORDERED.

Dated:

CLAUDIA WILKEN
United States District Judge

PROPOSED ORDER
C07-3987 CW                    2