DMYTRO E. VEROVKIN, Pro Se
39821 Cedar Blvd., Unit 313
Newark, CA 94560
Telephone: 510-493-2441

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| Dmytro VEROVKIN, | Case No.: **C 07-3987-CW** |
| Plaintiff, | [PROPOSED] ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT. |
| vs. | |
| David N. STILL, District Director, United States Citizenship & Immigration Services, | [PROPOSED] ORDER GRANTING PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT. |
| Defendant | Date:   November 8, 2007<br>Time:   2:00 p.m.<br>Courtroom:  2 |

## INTRODUCTION

Plaintiff Dmytro Verovkin brings this action against Defendant David N. Still in his official capacity as District Director of the United States Citizenship & Immigration Services ("USCIS"). On April 25, 2006 Defendant denied Plaintiff's application for adjustment of status on grounds that he was then over the age of 21 years and no longer qualified as an accompanying child pursuant to section 203(d) of the Immigration and Naturalization Act ("Act"). Plaintiff seeks a determination by this Court that his application for adjustment was improperly denied and requests an order declaring that he is eligible for registration as a legal permanent resident

pursuant to his application. For the to reasons discussed below, Defendant's Motion for Summary Judgment is denied and Plaintiff's Cross-Motion for Summary Judgment is granted. The Court sets aside Defendant's denial of Plaintiff's I-485 Application and hereby orders Defendant to re-open and adjudicate Plaintiff's application within 30 days in a manner consistent with the judgment of this Court.

## BACKGROUND

The material facts in this case are not in dispute. Plaintiff entered the United States on April 25, 2004 after presenting a valid K-2 visa which was issued to him by the Department of State's consul general in Kyiv, Ukraine and pursuant to his mother's contemporaneous admission as a K-1 fiancé(e) visa beneficiary. Plaintiff's mother complied with the requirements of her K-1 visa by marrying her United States citizen fiancé on June 4, 2004 - well within 90 days of her entry into the United States.

On September 14, 2006, Plaintiff and his mother both applied for adjustment of status by completing and filing forms I-485 with all appurtenant documents and paid the required fees. On April 27, 2006 Plaintiff received a letter from Defendant dated April 25, 2006 stating that the application for adjustment was denied. However, in December 2006, Plaintiff's mother's I-485 application was approved. Plaintiff brought this action August 2, 2007.

## JURISDICTION

Plaintiff seeks a declaration of eligibility to adjust status and an order requiring Defendant to re-open and correctly adjudicate his application for adjustment under the provision of federal immigration laws. This Court's jurisdiction is there governed by 28 USC § 1331 and.§2201.

\\

## DISCUSSION

In 1970, Congress created a streamlined process for fiancé(e)s of United States citizens which allows the parties to clear most hurdles to immigration to the United States prior to, but contingent upon, their planned marriage in the United States.  For the first time, a nonimmigrant K-1 visa was created which contemplated the eventual immigration and permanent residency of the alien fiancé(e) and her unmarried children.

Prior to 1986, Section 214(d) of the INA [8 USC 1184(d)] contained a clear directive on the adjustment of status of aliens who entered as K-1 beneficiaries and his or her minor children as K-2 visa entrants.  The statute read, in pertinent part: "In the event the marriage between the said alien and the petitioner shall occur with three months after entry and they are found otherwise admissible, the Attorney General shall record the lawful admission for permanent residence of the alien and minor children….".See *Matter of Dawson*, 16I & N Dec. 693, n.2 (BIA 1977)..

The 1986 International Marriage Fraud Amendments sought to make immigration by marriage fraud less recurrent by requiring that the parties have actually met within the two years prior to filing a visa petition and by requiring the couple to be married for a minimum of two years before unconditional permanent residency could be granted.  In order to accomplish this Congress struck the above language from section 214(d) and created sections 216 and later added subparagraph (d) to section 245  Regulation 214.2.(k)(6)(ii) was later added to fill an unitended gap in the statute. The regulation authorized adjustment of K-1 and K-2 entrants under Section 245 generally.  There is nothing in the record that would indicate a desire to age-out K-2's at age 21 for adjustment purposes.  Nor would such a provision, if there were one, serve to thwart marriage fraud or serve any public purpose..

The Court cannot and does not interpret regulation 214.2(k)(6)(ii) to require minor children to meet the statutory definition of "child", i.e. unmarried and under the age of 21 all the way from approval of the visa application to the final adjustment.  This process is lengthy and usually takes years rather than months or weeks.  A legal interpretation of would allow the issuance of K-2 visas to children who are just days, weeks or months away from their 21st birthday with the sure knowledge that their applications for permanent residence would not be approved would be capricious, arbitrary and reflect a categorical absence of good faith on the part of the government.

While there may be some honest debate about this narrow issue of definitions and when they should or should not apply, there is no lack of clarity in the I-485 application form and the accompanying instructions.  Since these instructions are clear, unambiguous and restated repeatedly in different, yet consistent ways and are presented to alien applicants by the government as the proper meaning and intent of underlying immigration law, the Court finds that Defendant's argument for denial of a K-2 entrant's application for adjustment to be improper and his attempted justification to be without merit.

/////

/////

//////

//////

//////

///////

////////

////////////

## CONCLUSION

For the foregoing reasons, it is the judgment of this Court that Defendant improperly denied Plaintiff's I-485 application for adjustment of status. Defendant's motion for summary judgment is DENIED and Plaintiff's cross-motion for summary judgment is GRANTED. Defendant will re-open Plaintiff's case and within 30 days, shall record Plaintiff's lawful permanent residence status. Costs are awarded to Plaintiff according to proof

IT IS SO ORDERED,
Dated: _____

CLAUDIA WILKEN
United States District Judge