SCOTT N. SCHOOLS (SC 9990)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
MELANIE L. PROCTR (CSBN 228971)
Melanie.Proctor@usdoj.gov
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-6730
FAX: (415) 436-6927

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | | |
|---|---|---|
| DMYTRO VEROVKIN, | ) | No. C 07-3987 CW |
| | ) | |
| Plaintiff, | ) | DEFENDANT'S REPLY AND |
| | ) | OPPOSITION TO PLAINTIFF'S MOTION |
| v. | ) | FOR SUMMARY JUDGMENT |
| | ) | |
| DAVID N. STILL, District Director, United | ) | Date:   November 15, 2007 |
| States Citizenship and Immigration | ) | Time:  2:00 p.m. |
| Services, | ) | Court: 2 |
| | ) | |
| Defendant. | ) | |

## I.   INTRODUCTION

Plaintiff Dmytro Verovkin ("Plaintiff") opposes Defendant's Motion for Summary Judgment ("Defendant's Motion") and cross-moves the Court to grant summary judgment in his favor.  He challenges Defendant's denial of his application, and argues primarily that because "Congress has passed the LIFE Act to unite families," the Court should order Defendant to favorably adjudicate his application.  Plaintiff is not entitled to a declaratory judgment in his favor.  Because he was over the age of twenty-one on the date his mother adjusted her status, he does not qualify as a child. Moreover, even if the Court construes the Child States Protection Act ("CSPA") to cover his application, the fifteen month delay between his mother's marriage and the filing of her application precludes preservation of his status as her child.

///

## II.    ANALYSIS

Plaintiff is not entitled to the declaratory relief he seeks.  As set forth in Defendant's Motion, Defendant cannot adjust Plaintiff's status.  An alien's status may only be adjusted if the alien is eligible for an immigrant visa.  8 U.S.C. § 1255(a).  Plaintiff has set forth no set of facts nor cited any law establishing that he is eligible for an immigrant visa.

Congress created a nonimmigrant visa for fiances of United States citizens (K-1 visa), which allowed such aliens to enter the United States for the purpose of marrying the United States citizen. In order to qualify for such a nonimmigrant visa, the United States citizen is required to file a petition on behalf of the fiancé.  8 U.S.C. § 1184(d).  Congress also provided a nonimmigrant visa for the child of an alien holding a K-1 visa (K-2 visa) if such child is following or accompanying to join the alien. 8 U.S.C. § 1101(a)(15)(K)(iii).

Prior to 1986, 8 U.S.C. § 1184(d) contained a provision for the automatic adjustment of status of K-1 and K-2 visa holders after the marriage of the K-1 visa holder to the United States citizen.  8 U.S.C. § 1184(d) (1986).  In 1986, Congress passed the Immigration Marriage Fraud Amendments, which removed the automatic adjustment of status provision in § 1184(d) and required K visa holders to adjust status under the terms of the regular adjustment of status provisions. Immigration Marriage Fraud Amendments of 1986, Pub. L. No. 99-639, 100 Stat. 3537 (1986); 8 C.F.R. § 214.2(k)(6)(ii) ("Nonimmigrant visa issued on or after November 10, 1986 . . . . the K-1 beneficiary and his or her minor children may apply for adjustment of status to lawful permanent resident under [8 U.S.C. § 1255]".).

As with all applicants for adjustment of status, in order for a K-2 visa holder to adjust his status in the United States, USCIS requires, as expressly provided by statute, that an immigrant visa be immediately available to the applicant.  8 U.S.C. § 1255(a).  The granting of a K nonimmigrant visa does not make an immigrant visa available to the beneficiary, nor is a K nonimmigrant visa the functional equivalent of an immigrant visa.  Caddali v. INS, 975 F.2d 1428, 1431 (9th Cir. 1992); see also Dong Yup Lee v. INS, 407 F.2d 1110, 1113 (9th Cir. 1969) ("one of the requirements for [adjustment of status] is that an immigrant visa be available to the alien at the time his application is approved.").  Since the amendment of 8 U.S.C. § 1184(d) in 1986, nothing in 8 U.S.C.

§§ 1101(a)(15)(K), 1184(d), or 1255 exempts a K-2 visa holder from the express requirement that an immigrant visa be available on the date his status is to be adjusted. 8 U.S.C. §§ 1101(a)(15)(K), 1184(d) and 1255. Visas are immediately available to K-2 visa holders in two ways: (1) K-2 visa holders may qualify as the immediate relative of the petitioning United States citizen; and (2) K-2 visa holders may qualify to adjust as a derivative of the K-1 visa holder as a child accompanying or following to join the principal alien.

Here, because Plaintiff was over the age of eighteen when his mother married Ronald Monks, he cannot qualify as the child of a United States citizen. 8 U.S.C. § 1101(b)(1)(B). Accordingly, his application relied on his mother's application. As set forth in Defendant's Motion, Plaintiff was no longer a child by the time his mother's status was adjusted. Defendant's Motion, p. 3. Moreover, even if the Court believes the CSPA applies here,[1] the fifteen month delay between his mother's marriage and their applications for adjustment of status precludes him from preserving his "child" status. See 8 U.S.C. § 1153(h)(1) (reserving status protection for those who sought to acquire adjustment of status within one year of availability of an immigrant visa). Plaintiff utterly fails to address this point. Because he and his mother applied for adjustment more than one year after the date she married Ronald Monks and became eligible to do so, his child status is not preserved. See, e.g., Martinez v. DHS, 502 F. Supp. 2d 631, 637 (E.D. Mich. 2007) (finding that where plaintiff's mother filed her adjustment application more than one year after she became eligible for an immigrant visa, CSPA did not apply to the plaintiff).

Under CSPA, an alien qualifies to have his status adjusted if he meets three requirements: First, he must have been a child on the date the immigrant visa became available to his mother. Second, he must have applied for adjustment of status within one year of availability. Third, he must have "aged out" while waiting for his application to be adjudicated. Id. at 637 (quoting Ochoa-Amaya v. Gonzales, 479 F.3d 989, 992 (9th Cir. 2007)). Here, as in Martinez, Plaintiff's mother

---

[1] The Legal Immigration Family Equity Act ("LIFE Act") of 2000, Pub. L. No. 106-553, 114 Stat. 2762, § 1101, referred to by Plaintiff as evidence that his situation is untenable, amended immigration laws to encourage family unity. However, none of the relevant provisions preserve Plaintiff's age at the time he entered the United States or applied for adjustment of status.

1    applied for adjustment of status more than one year after the date she became eligible to do so.[2]

2    Complaint, p. 3 ¶¶ 10-11; see Martinez, 502 F. Supp. 2d at 637.  Accordingly, Plaintiff does not fall

3    within the legal requirements of CSPA, and he is not eligible for adjustment of status.[3]

### V.    CONCLUSION

5         For the foregoing reasons, Defendant respectfully requests the Court to deny Plaintiff's

6    motion for summary judgment, and grant summary judgment in Defendant's Favor.

7    Dated: October 25, 2007                    Respectfully submitted,

8                                               SCOTT N. SCHOOLS
                                                United States Attorney
9
                                               _____
                                                        /s/
10                                              MELANIE L. PROCTOR
                                                Assistant. U.S. Attorney
11                                              Attorneys for Defendant

---

[2]Had she applied immediately after her marriage, it seems entirely likely the matter would have been resolved prior to Plaintiff's twenty-first birthday.  See Complaint, p. 3 ¶ 13 (stating that his mother's application was approved six months after their applications were filed).

[3]Plaintiff appears to believe that because his mother married Ronald Monks, he has an indefinite legal status in this country.  That is flatly not true.  Plaintiff's visa clearly states that it expired on July 23, 2004.  Defendant's Motion, Exh. A.  As such, he is out of status and is subject to removal proceedings.  8 U.S.C. § 1227(a)(1)(B); see also 8 C.F.R. § 245.2(c) (stating that denial of application to adjust status under 8 U.S.C. § 1184(d) is without prejudice to renewal of application in removal proceedings).