DMYTRO E. VEROVKIN, Pro Se
24323 Jackson Avenue, Unit 916
Murrieta, CA 92562
Telephone: 510-493-2441

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| Dmytro VEROVKIN, | )   Case No.: **C 07-3987-CW** |
|        Plaintiff, | ) |
| | ) |
|     vs. | )   NOTICE OF MOTION AND MOTION TO |
| | )   REVIEW CLERK'S TAXATION OF COSTS |
| David N. STILL, District Director, United | )   OR WAIVE OUT OF TIME FILING |
| States Citizenship & Immigration Services, | ) |
| | )   Date:      May 1, 2008 |
|        Defendant | )   Time:      2:00 p.m. |
| | )   Courtroom: 2, 4th Floor |
| | ) |
| | ) |
| | ) |

Comes now the Plaintiff and moves the Court for review of Clerk's Taxation of Cost
under Civ. L.R. 54-5 or waiver of out of time filing under Rule 60(b) of the Federal Rules of
Civil Procedure.

The Clerk has determined that Plaintiff's Bill of Costs was submitted out of the time set
by L.R. 54-1(a) which reads, "No later than 14 days after entry of judgment or order under which
costs may be claimed, a prevailing party claiming taxable costs must serve and file a bill of
costs."

Plaintiff erred in his understanding of the term "entry of judgment" taking the
understanding that the Defendant's right to appeal must expire before the judgment becomes

final and pursuant to his desire to follow the rules precisely, he filed his Bill of Costs on March 4, 2008.  See attached *Declaration of Dmytro Eduardovich Verovkin*.

Ordinarily, ignorance or misapprehension of Court Rules is not a reason to waive a deadline and being a *pro se* party does not alter that rule;  "[i]gnorance of court rules does not constitute excusable neglect, even if the litigant appears pro se." *Swimmer v. IRS*, 811 F.2d 1343, 1345 (9th Cir. 1987).  However, the Supreme Court has analyzed the circumstances under which missing a filing deadline counts as "excusable" or "inexcusable" neglect in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. partnership*, 507 U.S. 380 (1993).

In *Pioneer*, the Supreme Court held that the determination of whether a party's neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." 507 U.S. at 395.

In this case, where Plaintiff is entitled to costs as a "matter of course" as ordered by the Court, there can be no prejudice or harm to the Defendant resulting from the late submission of Plaintiff's Bill of Costs.  Defendant did not object to or oppose Plaintiff's Bill of Costs.

Wherefore, Plaintiff moves the Court for an order allowing his out of time filing and permitting the clerk to tax costs as submitted by Plaintiff.

Respectfully submitted,

/s/
DMYTRO EDUARDOVICH VEROVKIN
Plaintiff, Pro Se

It is so ordered,

_____
Claudia Wilken,
District Court Judge