1  JOSEPH P. RUSSONIELLO (CSBN 44332)
   United States Attorney
2  JOANN M. SWANSON (CSBN 88143)
   Chief, Civil Division
3  MELANIE L. PROCTOR (CSBN 228971)
   Melanie.Proctor@usdoj.gov
4  Assistant United States Attorney

5    450 Golden Gate Avenue, Box 36055
     San Francisco, California 94102-3495
6    Telephone: (415) 436-6730
     FAX: (415) 436-7169
7
   Attorneys for Defendant
8
                  UNITED STATES DISTRICT COURT
9
                NORTHERN DISTRICT OF CALIFORNIA
10
                        OAKLAND DIVISION
11
   DMYTRO VEROVKIN,                )    No. C 07-3987 CW
12                                 )
                Plaintiff,         )
13                                 )
        v.                         )
14                                 )    OPPOSITION TO PLAINTIFF'S MOTION
   DAVID N. STILL, District Director, United )  TO REVIEW CLERK'S TAXATION OF
15 States Citizenship and Immigration )  COSTS
   Services,                       )
16                                 )
                Defendant.         )
17 _____)

18        On December 21, 2007, the Court granted Plaintiff's motion for summary judgment, and

19 entered judgment in his favor.  Electronic Docket, No. 22, 23.  Plaintiff filed his bill of costs on

20 March 4, 2008, seventy-four days after entry of judgment.   See Electronic Docket, No. 27.

21 Nonetheless, Plaintiff asks the Court to excuse his untimely filing under Fed. R. Civ. P. 60(b).  He

22 argues that he made a mistake in calculating the due date for his bill of costs, and that he believed

23 "the Defendant's right to appeal must expire before the judgment becomes final."  Plaintiff's

24 Motion, p. 1.

25        Under the Local Rules, "[n]o later than 14 days after entry of judgment or order under which

26 costs may be claimed, a prevailing party claiming taxable costs must serve and file a bill of costs."

27 Civ. L.R. 54-1(a) (emphasis added).  The rules further provide that "[a]ny party who fails to file a

28 bill of costs within the time period provided by this rule will be deemed to have waived costs."  Civ.

OPPOSITION
No. C 07-3987 CW

L.R. 54-1(c). The rule is clear: Plaintiff's bill of costs was due to be filed within 14 days of an order or entry of judgment. Civ. L.R. No. 54-1(a). The rule makes no reference to a "final" judgment, as Plaintiff seems to have read into the rule. Plaintiff's Motion and Affidavit. Similarly, the rule regarding taxation of costs makes no mention of a "final" judgment. Civ. L.R. 54-4.

The Equal Access to Justice Act ("EAJA") is as clear as the Local Rules: the standard for seeking costs is delineated separately from the standard for seeking fees and other expenses. Compare 28 U.S.C. § 2412(a)(1) with § 2412(d). Furthermore, only the subsection covering fees and other expenses requires a judgment to be final before the party submits an application for fees and other expenses. 28 U.S.C. § 2412(d)(1)(B). EAJA plainly states that "a judgment for costs, as enumerated in section 1920 of this title" does not include the fees and expenses of attorneys, 28 U.S.C. § 2412(a)(1), and includes a clear definition of "fees and other expenses." 28 U.S.C. § 2412(d)(2)(A). The expenses described in subsection (d)(2)(A) are quite different than those allowed under 28 U.S.C. § 1920, and do not include the costs sought by Plaintiff. Compare 28 U.S.C. § 2412(d)(2)(A) with § 1920; see Plaintiff's Bill of Costs, Electronic Docket, No. 27, dated March 4, 2008. Defendant notes that Plaintiff has displayed a level of sophistication throughout this litigation that belies his argument that he misunderstood the distinction between costs and fees. It is clear that the 14-day time period applies to Plaintiff's bill of costs. Civ. L.R. 54-1(c).

Had Plaintiff researched the rule as carefully as he claims, he would have quickly seen that the bill was due within 14 days after the Court's December 21, 2007 order and entry of judgment. See San Francisco Bay Area Rapid Transit Dist. v. Spencer, No. C 04-04632 SI, 2007 WL 1450350, at*13-14 (N.D. Cal. May 14, 2007) (strictly applying the local rule to require that the bill be filed within 14 days of the court's initial entry of judgment, and not 14 days from the corrected judgment filed six days later). At issue in Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380 (1993), was whether an attorney's complete ignorance of a deadline could be excused. Id. at 1492-93. Here, Plaintiff does not plead ignorance of the deadline set by the local rule, but rather, admits that he read into the rule a term that is not there. See Plaintiff's Declaration, p. 1 ("I therefore interpreted local rule 54-1(a) to allow 14 days after the entry of final judgment . . . .") (emphasis in original). Accordingly, Plaintiff's alleged mistake is not excusable under Fed. R. Civ.

1    P. 60(b).

2        Finally, Plaintiff is correct in one regard: Defendant did not file any objections to his bill of

3    costs; however, Plaintiff's bill was so clearly out of time that no opposition appeared to be

4    necessary.  Civ. L.R. 54-1(c).  Regardless, Defendant notes that the filing fee Plaintiff alleges he

5    paid to the agency for his motion for reconsideration is not recoverable.  28 U.S.C. § 1920.

6    Accordingly, even without objection, such an award is beyond the Court's discretion.  See World

7    Triathalon Corp. v. Dunbar, – F. Supp. 2d –, 2008 WL 763238, at *13 (D. Hawai'i Mar. 19, 2008)

8    (finding that courts may only tax the costs specified in § 1920).  On March 25, 2008, undersigned

9    counsel contacted Plaintiff regarding this objection, and made a reasonable offer of settlement.

10   Plaintiff has declined the offer.  See Declaration of Melanie Proctor.

11       Defendant respectfully requests the Court to deny Plaintiff's motion.

12   Dated: March 27, 2008                          Respectfully submitted,

13                                                  JOSEPH P. RUSSONIELLO
                                                    United States Attorney

14

15                                                     /s/
                                                    MELANIE L. PROCTOR

16                                                  Assistant U.S. Attorney
                                                    Attorneys for Defendant

17

18

19

20

21

22

23

24

25

26

27

28